UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL-1928

This Document Relates To:

*Moore v. Bayer Corp., et al*, **Case No. 09-80058**
*Nielson v. Bayer Corp., et al.*, **Case No. 09-80386**
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before me upon the Plaintiffs' Motion for Reconsideration (DE 10779 in 08-1928; DE 39 in 09-80058; DE 39 in 09-80386). In the Motion, the Plaintiffs seek an extension of time to effectuate service of process in the two cases referenced above. After due consideration, I find that the Motion is due to be denied.

Legal Standard:

Plaintiff's request that I, pursuant to Rule 60 of the Federal Rules of Civil Procedure, reconsider the Order dismissing these two cases for failure to timely effectuate service of process and grant them an extension of time to effectuate service. Rule 60 permits a court to reevaluate a prior decision if the moving party can establish any of the following:

1. Mistake, inadvertence, surprise or excusable neglect;

2. Newly discovered evidence which could not have been discovered earlier with due diligence;

3. Fraud, misrepresentation, or other misconduct of an adverse part;

4. A void judgment;

      5.      A judgment that has been satisfied, released, discharged, reversed o, or vacated, or

      6.      Any other reason justifying relief from the operation of judgment.

See FED. R. CIV. P. 60(b); *Thompson v. Hicks*, 2007 WL 106785 at *2 (11th Cir. 2007). "In order to prevail under Rule 60(b), [the plaintiff] 'must demonstrate a justification so compelling that the district court [is] required to vacate its order.'" *Id.* (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).

Background

In May of 2011, I entered a PTO 31 Order to Show Cause ("Show Cause Order") (DE 9458) requiring the plaintiffs in eleven cases ("Plaintiffs"), *inter alia*, to provide proof of service of process in their respective cases within fourteen days. After the Show Cause Order issued, nine of the eleven cases settled leaving only the two cases listed above subject to dismissal. In Plaintiffs' Response (DE 9614), they offered copies of registered mailings and return receipts. The Defendants provided evidence that the identified mailings and return receipts did not include the Complaints in either of the two cases involved herein. I gave the Plaintiffs ample opportunity to provide me with proof that the Complaints had been served or to request an extension. In the Order dismissing the Plaintiffs cases, I thoroughly considered whether a discretionary extension of time to serve the Complaints was warranted, and considered the issue of the applicable statutes of limitations as required and found that Plaintiffs, despite ample opportunity to do so, had not established that the applicable statute of limitations would bar the actions, and that even if they had, such fact only need be considered and was not determinative under *Lapone-Dempsey v. Carrol Cnty. Cm'rs*, 476 F.3d 1277 (11th Cir. 2007).

      I find that the Plaintiffs have not satisfied their burden under Rule 60 of establishing any

basis upon which I should reconsider my previous decision. Accordingly, it is

ORDERED and ADJUDGED that the Motion (DE 10779 in 08-1928; DE 39 in 09-80058; DE 39 in 09-80386) be and hereby DENIED.

DONE and ORDERED in Chambers, in West Palm Beach, Florida this 27th day of March, 2012.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT